UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

G4 CONCEPT MARKETING, INC.,
GEORGE C. CRONIN, III,
BARRY S. ECKERT,
ROBERT J. GAMBINI,


                              Plaintiffs,

                                                            DECISION AND ORDER

                                                            08-CV-6457L


                    v.

\MASTERCARD INTERNATIONAL,


                              Defendant.
_____


        Plaintiffs, a marketing corporation and its officers and/or agents, filed this *pro se* action on

October 6, 2008.  On February 24, 2009, defendant MasterCard International ("MasterCard")moved

to dismiss  the action pursuant to Federal Rules of Civil Procedure 4(m), for failure to serve the

summons and complaint within the statutory 120-day period (Dkt. #2).

        Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to effect proper service

on the defendant within 120 days of filing the complaint.  Fed. R. Civ. Proc. 4(m).  A court shall,

however, extend the time for service if the plaintiff is able to show good cause for the failure.  *Id.*;

*Obot v. Citibank S.D., N.A.,* 2009 U.S App. LEXIS 21405 at *2 (2d Cir. 2009).  In determining

whether good cause has been shown, courts typically consider such factors as whether plaintiff

exhibited reasonable diligence in seeking to effect service, whether there is any prejudice to defendants as a result of the delay, and whether plaintiff could timely reassert his claims in the event of dismissal. *See Fish v. Bread Loaf Const. Co.*, 1998 U.S. App. LEXIS 1208 at *5-*6 (2d Cir. 1998); *Williams v. United States HUD*, 2009 U.S. Dist. LEXIS 23306 at *3 (E.D.N.Y. 2009); *Ikejiaku v. Rochester City Sch. Dist.*, 2007 U.S. Dist. LEXIS 949433 at *5 (W.D.N.Y. 2007)*; Feingold v. Hankin*, 269 F.Supp.2d 268, 276 (S.D.N.Y. 2003).

In addition, a court may grant additional time for service without a showing of good cause. Although "[i]gnorance of the law, even in the context of *pro se* litigants, does not constitute 'good cause' [under Rule 4(m)]," *Obot v. Citibank S.D., N.A.*, 2006 U.S. Dist. LEXIS 75260 at *8 (W.D.N.Y. 2006), the Court has an "obligation... to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, when determining whether an extension is appropriate in the absence of good cause, a court should consider: (1) whether the statute of limitations would bar the refiled action; (2) whether the defendant has attempted to conceal the defect in service; (3) whether the defendant had actual notice of the claims asserted in the complaint; and (4) whether the defendant would be prejudiced by the granting of plaintiff's relief from the provision. *See Henderson v. United States*, 517 U.S. 654, 662 (1996); *Lumbermens Mut. Cas. Co. v. Dinow*, 2009 U.S. Dist. LEXIS 68658 at *10 (E.D.N.Y. 2009); *Vasquez v. Mill*, 2005 U.S. Dist. LEXIS 16381 at *7 (S.D.N.Y. 2005). Other factors, such as a plaintiff's reliance upon service by the United States Marshals, combined with actual notice of the lawsuit by defendants, may also

excuse a failure to effect timely service under Fed. R. Civ. Proc. 4(m). *See Jaiyeola v. Carrier Corp*., 73 Fed.Appx. 492, 494 (2d Cir. 2003).

Upon review of these factors, I believe that although plaintiffs' excuse of "ignorance of the law" does not comprise good cause for an extension, an extension is nonetheless warranted, and defendant's motion to dismiss the complaint is accordingly denied.

Individual plaintiff George C. Cronin III ("Cronin"), who filed the complaint, claims that, "[when] I filed the complaint in Federal Court at the Clerks Office [on October 6, 2008] I was told it would take approximately twenty days for the complaint to be served by a U.S. Marshall (sic). I agreed that was fine, filled out the necessary paperwork and left it with the Court assuming that service would take place." (Dkt. #5).

Cronin was clearly mistaken as to the substance and import of his actions at the Clerk's Office on October 6, 2008. The docket reflects that the Summons was duly issued three days later on October 9, 2008 and was mailed to Cronin, along with copies of the necessary instructions and forms relevant to requesting service of the complaint by the U.S. Marshal's Service. Filing a complaint, however does not automatically effect service. More is required of the plaintiff.

Cronin claims that he was already "under the assumption that [MasterCard] would be served," and submits an affidavit of service reflecting that as soon as he became aware of MasterCard's motion to dismiss, he served MasterCard's counsel by certified mail on April 23, 2009. (Dkt. #5). These efforts, confused and procedurally incorrect as they might have been, suggest that Cronin made a good faith attempt to effect appropriate service on MasterCard on behalf of the plaintiffs.

There are also serious issues involving the statue of limitations. The issue is complicated by the fact that the complaint, filed in October 2008, seeks damages for alleged misappropriation of plaintiffs' intellectual property beginning in 1995, when plaintiffs initially presented a novel "gift card" concept to MasterCard. Plaintiffs allege that MasterCard declined to accept their concept, but later secretly developed it, producing the gift card on its own by 2002, and continuing to do so for an unspecified period. (Dkt. #1).

The statute of limitations for such claims is generally three years, and may be invoked anew each time the misappropriated concept is used, as a "continuing tort." *See Norbrook Labs. Ltd. v. G.C. Hanford Mfg. Co.*, 126 Fed. Appx. 507, 509 (2d Cir. 2005); *Synergetics USA, Inc. v. Alcon Labs., Inc.*, 2009 U.S. Dist. LEXIS 58899 at *5 (S.D.N.Y. 2009).[1] However, because the complaint does not specify whether MasterCard's use of the gift card concept extends to within three years of the date the complaint was filed, it is unclear from the face of the complaint whether plaintiffs even have any timely claims to pursue. Construing the complaint's allegations in plaintiffs' favor and assuming *arguendo* that the pattern of misappropriation that plaintiffs allege continued until 2005 or later, then at the very least dismissal of the complaint at this juncture would render some of plaintiffs' present claims untimely.

On the other hand, MasterCard does not allege, or attempt to show, that extension of plaintiffs' time to effect service would prejudice it in any way. MasterCard also does not deny that it had actual notice of the complaint. In fact, Cronin corresponded extensively with MasterCard

---

[1] I express no opinion concerning the merits of the complaint, including whether the complaint could be read to state any additional causes of action with differing statutes of limitations.

prior to initiating this action, notifying MasterCard of the specifics of plaintiffs' claims and indicating that he intended to pursue litigation. MasterCard's motion to dismiss was filed February 24, 2009 – just three weeks after plaintiffs' time for service had expired – suggesting that MasterCard was aware of this action at or near the outset.

Based on the foregoing, I find that plaintiffs are entitled to an extension of time to serve the complaint. Service must be effected, *and proof of it must be filed with the Court*, within thirty (30) days of this decision.

The Court notes that there are some additional matters that plaintiffs must immediately address. It is well settled that corporations may only appear in the federal courts through licensed counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180, 192 (2d Cir. 2006); *Northeastern Lumber Mfg. Assoc. v. NLM Enterprises, Inc.*, 2009 U.S. Dist. LEXIS 37122 at *5 (W.D.N.Y. 2009). As such, *pro se* corporate plaintiff G4 Concepts, Inc. is ordered to enter an appearance, through counsel, or risk dismissal of its claims.

Also, the complaint in this action was prepared and signed solely by Cronin. "While there is no 'rule' that prohibits one *pro se* plaintiff from directing litigation brought by himself and others, it is clear that one *pro se* litigant cannot appear on another person's behalf." *Amaker v. Goord*, 2009 U.S. Dist. LEXIS 47477 at *11-*12 (W.D.N.Y. 2009). Therefore, should any of the individual plaintiffs other than Cronin wish to continue in this action, they must execute the signature page of the complaint, with the understanding that they must represent and appear on behalf of themselves

in this case, and sign all pleadings and papers submitted to this Court, in a manner consistent with their obligations pursuant to Fed. R. Civ. Proc. 11.

## CONCLUSION

Defendant's motion to dismiss (Doc. # 2) is denied. Any individual plaintiffs (other than Mr. Cronin) who wish to continue participation in this action are directed to sign the complaint and file a copy thereof. Plaintiffs' time to serve MasterCard with the summons and complaint (which must include the signature(s) of all participating individual defendants) is hereby extended, and plaintiffs are directed to effect proper service upon MasterCard, and to file proof of the same, within thirty (30) days of entry of this order. Furthermore, within the same thirty-day period, the corporate plaintiff, G4Concepts, Inc., is ordered to enter an appearance through counsel.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      November 23, 2009